```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
```

Lynette Williams,

                Plaintiff,          **MEMORANDUM & ORDER**
                                                  25-cv-655 (EK)(VMS)

       -against-

CVS,

                Defendant.

```
-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Defendant removed this case from the Supreme Court of New York, Kings County, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal, ECF No. 1. 28 U.S.C. § 1332(a) limits that jurisdiction to actions "where the matter in controversy exceeds the sum or value of $75,000." For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

        "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994).[1] "If the jurisdictional amount is not clearly alleged in the plaintiff's

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994).

This Court has the obligation to police its own jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). "[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).

Here, the removing defendant has not met its burden to show that the amount in controversy threshold has been satisfied.

The complaint does not plead an amount in controversy or facts that would meet the jurisdictional threshold. Pursuant to New York C.P.L.R. § 3017(c), a personal injury complaint may not demand a specific amount of damages. The complaint here did, however, allege damages "in an amount that exceeds the

jurisdictional limits of the lower [state] Courts." Verified Compl. 5, ECF No. 1-1. That allegation fails to support federal jurisdiction "because it merely indicates an amount in controversy in excess of $25,000, which represents the jurisdictional limitation of the lower civil courts of New York." *Valente v. Garrison from Harrison LLC*, No. 15-CV-6522, 2016 WL 126375, at *1 (E.D.N.Y. Jan. 11, 2016).

The complaint also alleges that Plaintiff "was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time." Verified Compl. 4. However, this boilerplate language provides no "information concerning the nature and extent of Plaintiff's injuries, the treatment [s]he received, or other losses [s]he conceivably suffered," and is therefore unhelpful as to the amount in controversy. *Valente,* 2016 WL 126375, at *2.

Based on these allegations, the Notice of Removal states that "a verdict in this matter *could* exceed $75,000." Notice of Removal 3 (emphasis added). This does not, of course, establish a "reasonable probability" that it will. *Tongkook,* 14 F.3d at 784. And the defendant is not entitled to another chance to carry its burden. As courts have routinely noted in this posture, CVS had a mechanism to ascertain the amount in

3

controversy prior to removal — namely, by requesting the "supplemental demand setting forth the total damages to which the pleader [that is, the plaintiff] deems himself entitled." N.Y. C.P.L.R. § 3017(c). Defendants like CVS "thus proceed at their peril in removing cases before doing so and simply presuming that their allegations will be deemed sufficient with respect to the required amount in controversy." *Cavaleri v. Amgen Inc.*, No. 20-cv-1762, 2021 WL 951652, at *3 (E.D.N.Y. Mar. 12, 2021) (collecting cases). Indeed, one CVS entity has itself run into precisely this problem in a recent case in this district. *See Cadmen v. CVS Albany, L.L.C.*, 22-CV-46, 2022 WL 138056, at *2 (E.D.N.Y. Jan. 14, 2022) (remanding based on CVS's failure to establish the amount in controversy, among other reasons).

For these reasons, the removing defendant has not carried its burden to establish this Court's jurisdiction. The case is remanded to the Supreme Court of New York State, Kings County, under Index No. 528345/2024. The Clerk of Court is respectfully directed to close the case in this Court and send a certified copy of this Order to the Clerk of the Kings County Supreme Court.

SO ORDERED.

4

```
                                    /s/ Eric Komitee
                                    ERIC KOMITEE
                                    United States District Judge


Dated:    February 13, 2025
          Brooklyn, New York
```

5